IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | * |
| Plaintiff, | * |
| v. | *    CV 121-075 |
| BENTLEY DEVORE; GUY DEVORE; and DANIEL SHEA and MARTINE SHEA, as Parents and Next Friends of MORGAN JEAN-MARIE SHEA, and as Joint Co-Administrators of the ESTATE OF MORGAN JEAN-MARIE SHEA, | * |
| Defendants. | * |

**O R D E R**

Presently before the Court is Defendants Daniel and Martine Shea and Defendants Guy and Bentley Devore's motions to dismiss this declaratory action as moot. (Docs. 27, 28.) Based on the following, Defendants' motions are **GRANTED IN PART and DENIED IN PART**.

**I. BACKGROUND**

Plaintiff filed a complaint for declaratory judgment on May 3, 2021, requesting the Court declare it does not owe any duties to defend or indemnify Bentley or Guy Devore in an underlying lawsuit. (Doc. 1.) In the underlying state suit (Shea v. Devore,

Civil Action No. 2021-ECV-0149, Superior Court of Columbia County, Georgia) (the "Underlying Lawsuit"), Daniel and Martine Shea allege that Bentley Devore is directly liable for their daughter's death and that Guy Devore is vicariously liable through parental liability, negligent entrustment, negligent supervision, and under Georgia's Dram Shop Act. (Id. at 8-9; Doc. 27, at 1.)

Plaintiff issued a homeowners insurance policy to the Devores effective from November 2019 to November 2020. (Doc. 1, at 9-10.) The Devores seek a defense and/or indemnity under the policy for the claims asserted and damages sought in the Underlying Lawsuit. (Id. at 15.) Plaintiff issued reservation of rights letters to the Devores but hired independent counsel to represent them in the state action. (Doc. 29, at 2.) Plaintiff itself is not a named party in the state action.

On July 1, 2021, Daniel and Martine Shea dismissed the Underlying Lawsuit without prejudice. (Doc. 27-1, at 1; Doc. 28-1, at 1.) Based on their dismissal, the Sheas and Devores seek to have this declaratory action dismissed as moot. (Docs. 27, 28.) Plaintiff opposes this request, arguing that the Defendants' motions must be denied because the underlying claims can be refiled, so the "claims remain[] live and on-going, thus making declaratory judgment relief appropriate." (Doc. 29, at 2.)

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 57 and the Declaratory Judgment Act, the Court may declare the rights and legal relations of an interested party seeking such declaration, whether or not further relief is or could be sought. See 28 U.S.C. § 2201(a). "An essential element for every declaratory judgment action is the existence of an actual controversy between the parties. An actual controversy exists when there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Mt. Hawley Ins. Co. v. Tactic Sec. Enf't, Inc., 252 F. Supp. 3d 1307, 1309 (M.D. Fla. 2017) (internal quotations and citations omitted).

"Under Georgia law, the duty to defend and the duty to indemnify are separate and independent obligations." Auto-Owners Ins. Co. v. Deerlake Homeowners Ass'n, Inc., No. 2:11-cv-215, 2012 WL 1038748, at *3 (N.D. Ga. Mar. 27, 2012) (quoting Penn-America Ins. Co. v. Disabled Am. Veterans, Inc., 490 S.E.2d 374, 376 (Ga. 1997)). As to the duty to indemnify, it is premature to rule on that question. "Any number of eventualities could change the analysis of whether plaintiff owes a duty to indemnify under the [policy]." Nationwide Mut. Fire Ins. Co. v. Dillard House, Inc., 651 F. Supp. 2d 1367, 1373 (N.D. Ga. 2009) (citing Emps. Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc., 387 F. Supp. 2d 1205,

3

1211 (S.D. Ala. 2005)) (internal quotations omitted). Based on this, the question of indemnification is not ripe for the Court's review at this time. See Deerlake Homeowners Ass'n, 2012 WL 1038748, at *3 ("An insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit." (citation omitted)). The Court will therefore look at the remaining question, the duty to defend.

Typically, "the duty to defend exists if the claim *potentially* comes within the policy." Dillard House, 651 F. Supp. 2d at 1373-74 (quoting Disabled Am. Veterans, Inc., 490 S.E.2d at 376) (alterations adopted, emphasis in original). As outlined above, the Declaratory Judgment Act requires an actual controversy to exist between the parties. See Tactic Sec. Enf't, Inc., 252 F. Supp. 3d at 1309. The question is whether an actual controversy remains after the Underlying Lawsuit was dismissed without prejudice.

Courts in this Circuit have found that "[i]f the filing of an original suit satisfied an actual controversy that could warrant the issuance of a declaratory judgment, then a dismissal of that suit without prejudice does not moot that controversy." Certain Interested Underwriters at Lloyd's, London v. AXA Equitable Life Ins., Co., 32 F. Supp. 3d 1226, 1230 (S.D. Fla. 2014) (citing Klay v. United Healthgroup, Inc., 376 F.3d 1092 (11th Cir. 2004)); see

4

also <u>Nautilus Ins. Co. v. La Lagunita, Inc.</u>, No. 3:15-cv-80, 2015 WL 12592703, at *2 (N.D. Ga. Oct. 30, 2015) ("[B]ecause the dismissal was without prejudice, leaving [the party] free to refile the same claims, there remains a case or controversy suitable for resolution by the Court.").

The Parties do not dispute that the Underlying Lawsuit created an actual controversy. The issue is about its status since being dismissed without prejudice. Since the Underlying Lawsuit could be refiled, "there remains a live case or controversy to be adjudicated." <u>AXA Equitable Life Ins.</u>, 32 F. Supp. 3d at 1230. Thus, the question about the duty to defend is not currently moot.

### III. CONCLUSION

Based on the foregoing, Defendants' motions to dismiss (Docs. 27, 28) are **DENIED IN PART and GRANTED IN PART**. The Court will retain jurisdiction over the duty to defend issue, but the aspects of Plaintiff's complaint regarding the duty to indemnify are **DISMISSED WITHOUT PREJUDICE** as premature.

**ORDER ENTERED** at Augusta, Georgia, this 8th day of December, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA