IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>BENTLEY DEVORE, GUY DEVORE, and DANIEL AND MARTINE SHEA, as parents and next friends of MORGAN JEAN-MARIE SHEA, and as joint co-administrators of the ESTATE OF MORGAN JEAN-MARIE SHEA,<br><br>    Defendants. | Civil Action<br>File No. 1:21-cv-00075-JRH-BKE |

**AUTO-OWNERS INSURANCE COMPANY'S
STATEMENT OF UNDISPUTED MATERIAL FACTS AND
<u>CONCLUSIONS OF LAW</u>**

COMES NOW AUTO-OWNERS INSURANCE COMPANY ("Auto-Owners"), and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, submits this Statement of Undisputed Material Facts and Conclusions of Law in Support of its Motion for Summary Judgment showing this Court as follows:

# STATEMENT OF UNDISPUTED MATERIAL FACTS AND CONCLUSIONS OF LAW

1.

On February 26, 2021, Defendants Daniel and Martine Shea, as Parents and Next Friends of Morgan Jean-Marie Shea, Deceased, and as Joint Co-Administrators of the Estate of Morgan Jean-Marie Shea (collectively referred to as the "Sheas"), filed a lawsuit in the Superior Court of Columbia County, State of Georgia, civil action number 2021ECV0149 ("Underlying Lawsuit"). See Dkt. [1-1], Exhibit A, p. 2 of 16.

2.

In the Underlying Lawsuit, the Sheas allege that, on the evening of July 18, 2020, Morgan Jean-Marie Shea ("Morgan Shea") was a social guest at the residence of Defendants Guy Devore and Bentley Devore located at 2374 Morris Callaway Road, Appling, Columbia County, Georgia 30802 (the "Property"). See Dkt. [1-1], Exhibit A, p. 4 of 16, ¶ 8.

3.

Defendant Guy Devore is the father of Defendant Bentley Devore. See Dkt. [1-1], Exhibit A, p. 4 of 16, ¶ 9.

4.

Defendants Guy Devore and Bentley Devore resided at the Property together prior to and on July 18, 2020. See Dkt. [1-1], Exhibit A, p. 9 of 16, ¶ 41.

5.

Morgan Shea's boyfriend was friends with or otherwise acquainted with Defendant Guy Devore and his son, Defendant Bentley Devore. See Dkt. [1-1], Exhibit A, p. 4 of 16, ¶ 9.

6.

After Morgan Shea arrived at the Property on July 18, 2020, Defendant Bentley Devore invited Morgan Shea to ride in the passenger seat of a recreational vehicle, identified as a 2016 Can-Am utility vehicle (the "Vehicle"). See Dkt. [1-1], Exhibit A, p. 4 of 16, ¶ 11.

7.

The Vehicle was owned and purchased by Defendant Bentley Devore on July 17, 2020. See Bill of Sale attached hereto as **Exhibit A**; Deputy K.J. Warner's Affidavit, ¶ 6, on file with the Court.

8.

The Underlying Lawsuit alleges that, on the evening of July 18, 2020, Defendant Bentley Devore drove Morgan Shea down the Property driveway towards Morris Callaway Road, and then brought the Vehicle unlawfully onto Morris Callaway Road at a high rate of speed. See Dkt. [1-1], Exhibit A, p. 4 of 16, ¶¶ 12-13.

9.

The Underlying Lawsuit alleges that Defendant Bentley Devore lost control of the Vehicle when he drove it off the west side of Morris Callaway Road, causing the Vehicle to spin, overturn, and land on the driver's side. See Dkt. [1-1], Exhibit A, p. 5 of 16, ¶ 14.

10.

The Underlying Lawsuit alleges that Morgan Shea was ejected from the Vehicle which caused serious bodily injury, conscious pain and suffering, and eventual death the following day (the "Incident"). See Dkt. [1-1], Exhibit A, p. 5 of 16, ¶ 14.

11.

The Underlying Lawsuit alleges that Defendant Bentley Devore had been consuming alcohol prior to and while operating the Vehicle and was legally intoxicated. See Dkt. [1-1], Exhibit A, p. 5 of 16, ¶ 15.

12.

The Underlying Lawsuit alleges that Defendant Guy Devore allowed Defendant Bentley Devore and his friends to consume alcohol at the Property. See Dkt. [1-1], Exhibit A, p. 9 of 16, ¶ 41.

13.

The Underlying Lawsuit alleges that, on the date of the Incident, Defendant Guy Devore was aware and knowingly allowed Defendant Bentley Devore to consume alcohol, as a minor, and operate the Vehicle. See Dkt. [1-1], Exhibit A, p. 10 of 16, ¶¶ 42-43.

14.

The Underlying Lawsuit alleges that Defendant Guy Devore is vicariously liable for the death of Morgan Shea in the Incident caused by Defendant Bentley Devore. See Dkt. [1-1], Exhibit A, p. 14 of 16, ¶ 64.

15.

Specifically, the Underlying Lawsuit alleges that Defendant Guy Devore negligently entrusted the Vehicle to Defendant Bentley Devore. See Dkt. [1-1], Exhibit A, p. 12 of 16, ¶ 52.

16.

The Underlying Lawsuit alleges that Defendant Guy Devore possessed authority and control over the Vehicle and was negligent by not supervising Defendant Bentley Devore at the time of the Incident. See Dkt. [1-1], Exhibit A, p. 12 of 16, ¶¶ 53, 60-61.

17.

On the date of the Incident, Deputy K.J. Warner was employed with the Columbia County Sheriff's Office and was responsible for personally investigating the Incident involving Morgan Shea and Defendant Bentley Devore. See Deputy K.J. Warner's Aff., ¶ 4, on file with the Court.

18.

Deputy K.J. Warner personally witnessed and identified the Vehicle involved in the Incident as a 2016 Can-Am 6WHA, with VIN: 3JBUGAN4XHK000903, and owned by Defendant Bentley Devore. See Deputy K.J. Warner's Aff., ¶ 6.

19.

Deputy K.J. Warner also witnessed that this Incident occurred on Morris Callaway Road, approximately .5 miles from White Oak Road. See Deputy K.J. Warner's Aff., ¶ 7.

20.

Deputy K.J. Warner personally witnessed and observed that the Incident occurred on a public road, not private property. See Deputy K.J. Warner's Aff., ¶ 8.

21.

Deputy K.J. Warner was able to identify the Vehicle as a motorized land vehicle designed for work and recreational use but not designed for travel on public roads. See Deputy K.J. Warner's Aff., ¶ 9.

22.

Morris Callaway Road is not on the Property or on an "insured premises." See Deputy K.J. Warner's Aff., ¶ 8; Guy Devore's Responses to Auto-Owners First Requests to Admit, on file with the Court, ¶¶ 3-4.

23.

Auto-Owners issued a homeowners insurance policy to "Guy Devore" and "Karen Devore," policy number 50-951-828-00, with effective dates of November 14, 2019 through November 14, 2020 (the "Policy"). See Affidavit of Tara Woods and the Policy, on file with the Court, Woods Aff., Ex. A, Policy Form 17560 (01-14), p. 1 of 2.  Defendants Guy Devore and Bentley Devore seek a defense and indemnity under the Policy for the claims asserted in the Underlying Lawsuit. See Dkt. [1-1], Exhibit B, pp. 2, 7, 13, 22, of 36.

24.

The Declarations page of the Policy defines the location description as 2374 Morris Callaway Road, Appling, Georgia 30802. See Woods Aff., Ex. A, Policy Form 17560 (01-14), p. 1 of 2.

25.

Moreover, the Policy provides:

### HOMEOWNERS POLICY
### FORM 3
### INSURING AGREEMENT

The attached Declarations describe the property **we** insure and the Coverages and Limits of Insurance for which **you** have paid a premium. In reliance upon **your** statements in the Declarations and application(s), **we** agree to provide insurance subject to all terms and conditions of this policy. In return, **you** must pay the premium and comply with all the terms and conditions of this policy. This policy applies to losses, **bodily injury**, **property damage** and **personal injury** which occur during the policy term shown in the Declarations.

### DEFINITIONS

To understand this policy, **you** must understand the meaning of the following words. These words appear in **bold face type** whenever used in this policy and endorsements attached to this policy.

. . .

2. **Bodily injury** means physical injury, sickness or disease sustained by a person including resulting death of that person. **Bodily injury** does not include **personal injury**.

. . .

5. **Insured** means:

   a. **you**;

   b. **your relatives**; and

   c. any other person under the age of 21 residing with **you** who is in **your** care or the care of a **relative**.

In SECTION II – PERSONAL LIABILITY PROTECTION, **insured** also means:

d. with respect to any vehicle covered by this policy:

. . .

(2) any other person **you** permit to use the vehicle while on an **insured premises**.

. . .

6. **Insured premises** means:

 a. the **residence premises**;

 b. any structures or grounds **you** use in connection with **your residence premises**;

 c. any other premises **you** acquire during the policy term and which **you** intend to use as a **residence premises**;

 d. that part of any other premises where **you** reside and which is shown in the Declarations;

 e. any part of a premises not owned by any **insured** but where any **insured** may be temporarily residing;

 f. any part of a premises not owned by any **insured** which any **insured** may rent for nonbusiness purposes, such as banquet halls and storage facilities

 g. vacant land, other than farmland, owned by or rented to any **insured**;

 h. Cemetery plots or burial vaults owned by any **insured**;

  i. land owned by or rented to any **insured** on which a one or two family dwelling is being constructed as a residence for the **insured**; and

  j. 200 or less acres of farmland on which there are no buildings when such land is farmed by anyone other than any **insured**.

7. **Motor vehicle** means a motorized land vehicle. **Motor vehicle** does not include a **recreational vehicle**.

8. **Occurrence** means an accident that results in **bodily injury** or **property damage** and includes, as one **occurrence**, all continuous or repeated exposure to substantially the same generally harmful conditions.

. . .

12. **Recreational vehicle** means a motorized land vehicle designed primarily for recreational purposes but not designed for travel on public roads. **Recreational vehicle** does not include **watercraft**.

13. **Relative** means a person who resides with **you** and who is related to **you** by blood, marriage or adoption. **Relative** includes a ward or foster child who resides with **you**.

. . .

15. **Residence premises** means:

  a. the one or two family dwelling where **you** reside, including the building, the grounds and other structures on the grounds; or

  b. that part of any other building where **you** reside, including grounds and structures;

which is described in the Declarations.

. . .

17. **You** or **your** means any named **insured** shown in the Declarations and

if an individual, such individual named **insured's** spouse who resides in the same household.

. . .

19. **We**, **us**, or **our** means the Company providing this insurance.

. . .

### SECTION II – PERSONAL LIABILITY PROTECTION

1. **COVERAGES**

    a. **Coverage E – Personal Liability**

    **(1)** **We** will pay all sums any **insured** becomes legally obligated to pay as damages because of or arising out of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies. However, with respect to any **aircraft**, **motor vehicle**, **recreational vehicle** or **watercraft**:

    **(a)** **we** will pay damages because of or arising out of the ownership, maintenance, use, loading or unloading of only:

    . . .

    6) **recreational vehicles** owned by any **insured** while on an **insured premises**;

    . . .

**We** will settle or defend, as **we** consider appropriate, any claim or **suit** for damages covered by this policy. **We** will do this at **our** expense, using attorneys of **our** choice. This agreement to settle or defend claims or **suits** ends when **we** have paid the limit of **our** liability.

. . .

2. **EXCLUSIONS**

   a. **Coverage E – Personal Liability** and **Coverage F – Medical Payments to Others** do not apply:

   . . .

   **(7)** to **bodily injury** or **property damage** because of or arising out of the ownership, maintenance, use, loading or unloading of any **aircraft**, **motor vehicle**, **recreational vehicle** or **watercraft**. This exclusion does not apply:

   (a) to **aircraft**, **motor vehicles**, **recreational vehicle** or **watercraft** described under 1. COVERAGES, a. Coverage E – Personal Liability, (1)(a)1 – (1)(a)9 and (1)(b)1 – (1)(b)3;

   . . .

   **(9)** to **bodily injury** or **property damage** because of or arising out of:

   **(a)** the entrustment to any person by any **insured**; nor

   **(b)** the supervision of any person by any **insured**;

   with regard to the ownership, maintenance, use, loading or unloading of an **aircraft**, **motor vehicle**, **recreational vehicle** or **watercraft**.

   This exclusion does not apply:

   **(a)** to **aircraft**, **recreational vehicles** and **watercraft** that are covered by Coverage E - Personal Liability;
   . . . .

   . . .

See Woods Aff., Ex. A, Policy Form 17903 (2-96), pp. 1-3, 15-17 of 22; Policy Form 57845 (7-18) p. 1 of 1.

26.

The Policy only provides coverage for "damages because of or arising out of the ownership, maintenance, use, loading or unloading of only . . . **recreational vehicles** owned by any **insured** while on an **insured premises**." See Woods Aff., Ex. A, Policy Form 17903 (2-96), p. 15 of 22.

27.

The Policy specifically and unambiguously excludes from coverage all "**bodily injury** . . . because of or arising out of the ownership, maintenance, use, loading or unloading of any . . . **recreational vehicle** . . . ." See Woods Aff., Ex. A, Policy Form 17903 (2-96), p. 17 of 22.

28.

The Policy specifically and unambiguously excludes from coverage all "**bodily injury** . . . because of or arising out of . . . the entrustment to any person by any **insured** . . . with regard to the ownership, maintenance, use, loading or unloading of [a] . . . **recreational vehicle** . . . ." See Woods Aff., Ex. A, Policy Form 17903 (2-96), p. 17 of 22.

29.

The Policy specifically and unambiguously excludes from coverage all "**bodily injury** . . . because of or arising out of . . . the supervision of any person by any **insured** . . . with regard to the ownership, maintenance, use, loading or

unloading of [a] . . . **recreational vehicle** . . . ." See Woods Aff., Ex. A, Policy Form 17903 (2-96), p. 17 of 22.

30.

Defendant Guy Devore meets the definition of an "insured" because he is a named insured on the Policy. See Woods Aff., Ex. A, Policy Form 17560 (01-14), p. 1 of 2.

31.

Defendant Bentley Devore meets the definition of an "insured" because he is the resident relative of Defendant Guy Devore. See Woods Aff., Ex. A, Policy Form 17903 (2-96), pp. 1-2 of 22.

This 8th day of September, 2022.

Respectfully submitted,

KENDALL | MANDELL, LLC

 /s/ Michael C. Kendall
Michael C. Kendall
Georgia Bar No. 414030
Michael C. Kendall, II
Georgia Bar No. 510402
*Attorneys for Auto-Owners Ins. Co*

3152 Golf Ridge Blvd., Ste. 201
Douglasville, Georgia 30135
Telephone:  (770) 577-3559
Facsimile:   (770) 577-8113
mckendall@kendallmandell.com
michaelkendall@kendallmandell.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BENTLEY DEVORE, GUY DEVORE, and DANIEL AND MARTINE SHEA, as parents and next friends of MORGAN JEAN-MARIE SHEA, and as joint co-administrators of the ESTATE OF MORGAN JEAN-MARIE SHEA,<br><br>Defendants. | Civil Action<br>File No. 1:21-cv-00075-JRH-BKE |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served or caused to be served a copy of the within and foregoing **AUTO-OWNERS INSURANCE COMPANY'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND CONCLUSIONS OF LAW** in this matter by electronically filing the same with the Court via the CM/ECF system to the following counsel of record:

N. Staten Bitting, Jr., Esq.
Mary Elixabeth Watkins, Esq.
LAVY, SIBLEY, FOREMAN
 & SPEIR, LLC
3730 Executive Center Drive, Suite B
Augusta, Georgia 30907

And by mailing via First-Class U.S. Mail, postage prepaid, to the following:

Daniel Shea, *pro se*
Martine Shea, *pro se*
353 Weatherstone Lane
Marietta, Georgia 30068

    This 8th day of September, 2022.

                                              /s/ Michael C. Kendall
                                              Michael C. Kendall