IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ) <br> BENTLEY DEVORE, GUY DEVORE, and ) <br> DANIEL and MARTINE SHEA, as Parents ) <br> and Next Friends of MORGAN JEAN-MARIE ) <br> SHEA, and as Joint Co-Administrators of the ) <br> ESTATE OF MORGAN JEAN-MARIE SHEA, ) | CIVIL ACTION NO. <br> 1:21-cv-0075-JRH-BKE |

**BRIEF OF GUY DEVORE AND BENTLEY DEVORE IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant's, Guy Devore and Bentley Devore, file this Brief in Opposition to the Plaintiff's Motion for Summary Judgment and say:

STATEMENT OF THE FACTS AND CASE

Plaintiff seeks a declaratory judgment is it favor finding no obligation under Guy Devore's homeowner's policy to defend these Defendants or indemnify them regarding the accident involving a motorized vehicle. (Doc. 52 and 52-1.). The underlying Complaint filed by the parents of the deceased, Morgan Shea, alleges that Bentley Devore negligently drove a Can AM utility vehicle causing it to overturn, ejecting Morgan Shea and causing her death. (Doc. 1, Exh. A.). Guy Devore is alleged to have vicarious liability for negligent entrustment and failure to supervise Bentley Devore. The defendants denied liability in the underlying lawsuit. It was voluntarily dismissed without prejudice on July 1, 2022. (Doc. 28, Exh. 1.).

Plaintiff issued a homeowners policy in the name of Guy Devore. Affidavit of Tara Woods. (Doc. 53.). Plaintiff concedes the Guy Devore is an insured under the terms of the policy. (Doc. 52-1, p.5.).  Plaintiff also concedes that Bentley Devore is an insured under the policy as a resident relative. (Id.).

Plaintiff seeks a summary judgment in its favor in this declaratory judgment action on the basis that the vehicle in the accident was excluded from coverage because it is a recreational vehicle being used off the insured premises. Plaintiff's Brief at pages 18 through 20. (Doc. 52-1.). The vehicle was purchased by Bentley Devore on July 17, 2019. The bill of sale does not characterize the vehicle as being "recreational." (Doc. 52-3, Exh. A.).  The underlying Complaint refers to the vehicle as a "utility" vehicle. At paragraph 10. (Doc. 1, Exh A.). The underlying Complaint does not refer to the vehicle as a recreational vehicle.

 These Defendants dispute that the Plaintiff has demonstrated an entitlement to a summary judgment in its favor and against these Defendants.

ARGUMENT AND CITATION OF AUTHORITIES

I.       STANDARD FOR SUMMARY JUDGMENT

To prevail on a motion for summary judgment, the movant must show there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (a). The Court must view factual disputes in the light most favorable to the non-moving party. Matsushita Electric Indus. Co. v Zenith Radio Corp.., 475 U.S 574, 587 (1986). The Court must draw "all justifiable inferences in [the non-moving party's] favor. United States v Four Parcels of Real Prop., 941 F.2d 1428 1437 (11th Cir. 1991).

II.      AUTHORITIES REGARDING INURANCE POLICIES

The parties agree that the insurance policy was issued and delivered in Georgia. Georgia substantive law applies to the interpretation of the terms of the policy. Boardman Petroleum, Inc. v Federated Mut. Ins. Co. 135 F 3d 750, 752 (11th Cir. 1998). The allegations of the underlying Complaint are looked to in order to determine whether a liability covered by the policy is asserted. Great Am. Ins. Co. v McKemie, 259 S. E. 2d 39,41 (Ga. 1979). The burden is on the movant to show that the underlying Complaint "does not assert any claim that could fall within the policy's coverage…." Travelers Prop. Cas. Co. v Kansas City Landsmen, LLC, 592 Fed. Appx. 876,881-882 (11th Cir. 2015). Where the terms are clear and unambiguous, and capable of only one reasonable interpretation, the court is to look only to the insurance contract to determine the parties' intent and those terms are to be given full effect. Cont'l Cas. Co. v H.S.I. Fin. Serv. Inc., 466 S. E. 2d 4,6 (Ga. 1996).

The Plaintiff's here rely on an exclusion in the policy. In that case, an exclusion is to be "interpreted narrowly, in favor of the insured, "on the theory that the insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations on that coverage in clear and explicit terms. " " Rentrite, Inc. v Sentry Select Ins. Co., 667 S. E. 2d 888,892 (Ga. Ct. App. 2008). Where the insurer has defined the exclusion, the principle of *contra proferentem* requires that any questions as to the interpretation of an exclusion be construed against the insurer as the drafter of the document. See, e.g., Sperling v Cit. & South. Nat'l Bank, 300 S. E. 2d 649 (1983).

   III.   ARGUMENT

Plaintiff asserts in its Brief in Support of its Motion for Summary Judgment that there is not coverage because of an exclusion to the insurance policy for recreation vehicles operated off the insured premises. "Because the incident involving the 2016 Can-Am 6WHA, a "recreational

vehicle" owned by an "insured", did not take place on an "insured premises", as that term is specifically defined by the Policy, there is not coverage for the injuries alleged underlying Lawsuit." " (Cites omitted). At page 18. (Doc. 52-1.).  These Defendants do not dispute that the allegations in the underlying Complaint assert that the incident occurred on a public road and not on the insured premises. The policy does exclude coverage for a "recreation vehicle" being used off the insured premises. The issue here is whether the vehicle involved in the incident is a recreation vehicle as defined in the exclusion to coverage in the policy of insurance.

   The policy definition is as follows: "**Recreation vehicle** means a motorized land vehicle *designed primarily* for recreational purposes but not designed for travel on public roads." Emphasis added. Paragraph 12, page 8 of the Plaintiff's Brief (Doc. 52-1.) The underlying Complaint refers to the vehicle as a utility vehicle. Plaintiff's own Complaint for Declaratory Judgment refers to the vehicle as a utility vehicle. Paragraph 15, page 6. (Doc.1.) On page 2 of the Plaintiff's Brief it is asserted that the underlying allegation is that Bentley Devore invited Morgan Shea to ride in the passenger seat of a recreational vehicle. (Doc.52-1.). It cites to the underlying Complaint. (Doc. 1, Exh. A.). This is not, however, an accurate characterization of the allegations in the underlying Complaint, which does not refer to the vehicle as a recreational vehicle.

   Plaintiff filed an affidavit of the investigating Deputy Sheriff in support of it motion for summary judgment. (Doc. 54.).  At paragraph 9 of this affidavit, Deputy Warner states he "was able to identify the vehicle as a motorized land vehicle designed or work and recreational use but not designed for travel on public roads." To the extent the characterization of the vehicle as a recreational vehicle by Deputy Warner is inconsistent with the underlying Complaint, it should not be considered in deciding a motion for summary judgment in a declaratory judgment action.

See, <u>State Farm Mut. Auto. Ins. Co. v Myers,</u> 728 S. E. 2d 787, 788 (Ga. Ct. App. 2012). The analysis should be restricted to the allegations in the underlying Complaint. See, <u>McKemie</u> (*supra*). Even if the affidavit testimony of Deputy Warner were appropriate to consider (which it is not), he states that the vehicle is for work and recreation. The definition in the policy requires that the vehicle be "designed primarily for recreational purposes" to be excluded. Nowhere in this record is this definition met.

The insurer could have excluded from coverage any motorized land vehicle not designed for travel on public roads. It could have excluded work and utility vehicles. It chose to define the excluded vehicle as a motorized land vehicle designed primarily for recreational purposes but not designed for travel on public roads. By restricting the exclusion to vehicles "designed **primarily** for recreations purposes", Auto-owners prevents this exclusion from applying to a vehicle designed primarily for work or utility when it is used incidentally for recreational purposes on a public road.

IV.  CONCLUSION

Defendants, Guy Devore and Bentley Devore, request that that the Plaintiff's Motion for Summary Judgment be denied.

This 12th day of October, 2022.

Levy, Sibley, Foreman & Speir, LLC

*/s/ N. Staten Bitting, Jr.*
N. STATEN BITTING, JR.
Georgia Bar No. 058940
MARY ELIZABETH WATKINS
Georgia Bar No.: 370307

3730 Executive Center Dr., Ste B
Augusta, Georgia 30907
(706) 739-5052
sbitting@lsfslaw.com

**CERTIFICATE OF SERVICE**

    This is to certify that I have this day electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and for service upon all counsel of record by the CM/ECF system, U.S. Mail and/or electronic mail to:

Michael C. Kendall
Michael C. Kendall, II
mckendall@kendallmandell.com
michaelkendall@kendallmandell.com
KENDALL MANDELL, LLC
3152 Golf Ridge Blvd.
Ste. 201
Douglasville, GA 30135

Martine Shea
Mshea353@gmail.com
353 Weatherstone Lane
Marietta, GA 30068

Daniel Shea
Danshea85@yahoo.com
353 Weatherstone Lane
Marietta, GA 30068

This 12th day of October, 2022.

                                              */s/ N. Staten Bitting. Jr.*
                                              N. STATEN BITTING, JR.