IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>BENTLEY DEVORE, GUY DEVORE, and DANIEL AND MARTINE SHEA, as parents and next friends of MORGAN JEAN-MARIE SHEA, and as joint co-administrators of the ESTATE OF MORGAN JEAN-MARIE SHEA,<br><br>    Defendants. | Civil Action File<br>No. 1:21-cv-00075-JRH-BKE |

**AUTO-OWNERS INSURANCE COMPANY'S REPLY BRIEF IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW AUTO-OWNERS INSURANCE COMPANY ("Auto-Owners") and files this Reply Brief in Support of its Motion for Summary Judgment.

In its opening Brief, Auto-Owners showed this Court that the Policy only covers "damages because of or arising out of the ownership, maintenance, use, loading or unloading of only . . . **recreational vehicles** owned by any **insured** while on an **insured premises**." See [Dkt. 53], Woods Aff., Ex. A, Policy Form 17903 (2-96), p. 15 of 22. Auto-Owners showed that the Policy specifically excludes from coverage all "**bodily injury** . . . because of or arising out of the

ownership, maintenance, use, loading or unloading of any . . . **recreational vehicle** . . . ." not otherwise covered. See [Dkt. 53], Woods Aff., Ex. A, Policy Form 17903 (2-96), p. 17 of 22.  Finally, Auto-Owners showed that an insured, Defendant Bentley Devore, owned the Vehicle, which was a recreational vehicle under the terms of the Policy being used on a public road when this accident occurred.  As a result, no coverage is afforded under the Policy.

In their opposition brief, Defendants do not dispute the terms of the Policy or how they operate in this case. Instead, Defendants speciously argue that there is a conflict between the Underlying Lawsuit allegations and the characterization of the Vehicle as a "recreational vehicle." Defendants argue that because the Underlying Lawsuit refers to the vehicle as a "utility" vehicle, the "recreational vehicle" exclusion does not apply. Defendants also argue that the exclusion only applies to vehicles "designed primarily for recreational purposes."  Each of these arguments are contrary to the record evidence and the terms of the Policy.

**I.      Defendants Have Admitted the Undisputed Facts.**

Defendants did not properly respond to Auto-Owners' Statement of Undisputed Material Facts [Dkt. 52-2]. Therefore, they are deemed admitted. In Am. Serv. Ins. Co. v. Webber's Transp., LLC, this Court held that "Federal Rule of Civil Procedure 56(c) requires '[a] party asserting that a fact cannot be or is genuinely disputed [to] support the assertion by . . . citing to particular parts of

materials in the record.'" 2022 U.S. Dist. LEXIS 154092, *4 quoting Fed. R. Civ. P. 56(c)(1)(A). Furthermore, "'[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of facts as required by Rule 56(c),' the Court may 'consider the fact undisputed for purposes of the motion.'" Id. at *4-5 quoting Fed. R. Civ. P. 56(e).

Here, Defendants have failed to properly address Auto-Owners' assertion of facts regarding the "recreational vehicle" or the location of the accident. Specifically, Defendants failed to address paragraphs 20, 21, and 22 of Auto-Owners' statement of facts. See [Dkt. 52-2], pp. 6-7 of 16, ¶¶ 20-22. There, Auto-Owners asserts that the Incident occurred on a public road, and that the Vehicle was identified as a motorized land vehicle designed for recreational use but not designed for travel on public roads. See [Dkt. 52-2], pp. 6-7 of 16, ¶¶ 20-22. Accordingly, this Court may consider these facts undisputed for purposes of the pending motion for summary judgment.

**II.   The Vehicle Was Not Designed For Travel on Public Roads.**

According to the Policy, "[r]ecreational vehicle" means "a motorized land vehicle designed primarily for recreational purposes but not designed for travel on public roads." See [Dkt. 53], Woods Aff., Ex. A, Policy Form 17903 (2-96), p. 2 of 22.  Simply put, a "recreational vehicle" is a motorized land vehicle "not designed for travel on public roads." See [Dkt. 53], Woods Aff., Ex. A, Policy Form 17903

-3-

(2-96), p. 2 of 22. Deputy K.J. Warner identified the Vehicle as a motorized land vehicle designed for work and recreational use but **not designed for travel on public roads**. See [Dkt. 54], Deputy K.J. Warner's Aff., ¶ 9. Furthermore, the Underlying Lawsuit alleges that Defendant Bentley Devore violated O.C.G.A. § 40-6-48 by driving the Can-Am on roadways laned for traffic. See Dkt. [1-1], Exhibit A, p. 8 of 16, ¶ 31.

Plaintiff's characterization of the Vehicle as a "utility vehicle" does not alter this Court's analysis concerning the exclusion for a "recreational vehicle." The Policy only covers "damages because of or arising out of the ownership, maintenance, use, loading or unloading of only . . . **recreational vehicles** owned by any **insured** while on an **insured premises**." See [Dkt. 53],Woods Aff., Ex. A, Policy Form 17903 (2-96), p. 15 of 22.  The Policy specifically also excludes from coverage all "**bodily injury** . . . because of or arising out of the ownership, maintenance, use, loading or unloading of any . . . **recreational vehicle** . . . ." not otherwise covered. See [Dkt. 53], Woods Aff., Ex. A, Policy Form 17903 (2-96), p. 17 of 22.

Here, it is undisputed that the Vehicle was owned by an insured, Bentley Devore.  It is undisputed that the Vehicle was "not designed for travel on public roads"; thus, it manifestly meets the definition of "recreational vehicle."  It is further undisputed that the accident took place off an "insured premises." As a

result, the coverage provision for owned recreational vehicles used on an insured premises is clearly inapplicable; and, therefore, the exclusion for bodily injury arising out of the use of a non-covered recreational vehicle clearly applies.

### III. No Coverage for Separate Claims Against Defendant Guy Devore.

In their response, Defendants do not dispute or oppose Auto-Owners' argument that it has no duty to defend Defendant Guy Devore because the Policy excludes vicarious liability arising from the entrustment or supervision of the Vehicle allegedly operated by Defendant Bentley Devore in the Incident. Thus, it is clear that Auto-Owners has no duty to defend Defendant Guy Devore against the claims asserting vicarious liability for negligent "entrustment" or "supervision" by the Sheas' in the Underlying Lawsuit.

### IV. Conclusion.

Auto-Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the Policy because the damages sought in the Underlying Lawsuit arise from use of a "recreational vehicle" owned by an "insured" that was *not* on an "insured premises"; and, therefore, the recreational vehicle exclusion applies. Furthermore, Auto-Owners is entitled to a judgment declaring that it has no duty to defend Defendant Guy Devore because the Policy excludes vicarious liability arising from the entrustment or supervision of the Vehicle operated by Defendant Bentley Devore in the Incident.  As a result, this Court should rule that

Auto-Owners has no duty to defend the Devore Defendants against the claims asserted in the Underlying Lawsuit.

This 26th day of October, 2022.

                                                            Respectfully submitted,

                                                            KENDALL | MANDELL, LLC

                                                            /s/ Michael C. Kendall
                                                           Michael C. Kendall
                                                           Georgia Bar No. 414030
                                                           Michael C. Kendall, II
                                                           Georgia Bar No. 510402
                                                           *Attorneys for Auto-Owners Ins. Co*

3152 Golf Ridge Blvd., Ste. 201
Douglasville, Georgia 30135
Telephone: (770) 577-3559
Facsimile: (770) 577-8113
mckendall@kendallmandell.com
michaelkendall@kendallmandell.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>BENTLEY DEVORE, GUY DEVORE, and DANIEL AND MARTINE SHEA, as parents and next friends of MORGAN JEAN-MARIE SHEA, and as joint co-administrators of the ESTATE OF MORGAN JEAN-MARIE SHEA,<br><br>    Defendants. | Civil Action File<br>No. 1:21-cv-00075-JRH-BKE |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served or caused to be served a copy of the within and foregoing **AUTO-OWNERS INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** in this matter by electronically filing the same with the Court via the CM/ECF system to the following counsel of record:

>N. Staten Bitting, Jr., Esq.
>Mary Elizabeth Watkins, Esq.
>LAVY, SIBLEY, FOREMAN
>& SPEIR, LLC
>3730 Executive Center Drive, Suite B
>Augusta, Georgia 30907

And by mailing via First-Class U.S. Mail, postage prepaid, to the following:

>Daniel Shea, *pro se*
>Martine Shea, *pro se*
>353 Weatherstone Lane
>Marietta, Georgia 30068

This 26th day of October, 2022.

/s/ Michael C. Kendall
Michael C. Kendall