IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

AUTO-OWNERS INSURANCE COMPANY,   *
                                 *
        Plaintiff,               *
                                 *
           v.                    *
                                 *
BENTLEY DEVORE; GUY DEVORE;      *
and DANIEL SHEA and MARTINE      *        CV 121-075
SHEA, as Parents and Next        *
Friends of MORGAN JEAN-MARIE     *
SHEA, and as Joint Co-           *
Administrators of the ESTATE     *
OF MORGAN JEAN-MARIE SHEA,       *
                                 *
        Defendants.              *

---

**O R D E R**

---

Before the Court is Plaintiff's motion for summary judgment
(Doc. 52) and Plaintiff's motion for extension of time to file a
reply (Doc. 63). For the following reasons, Plaintiff's motion
for summary judgment is **DENIED**, and Plaintiff's motion for
extension is **DENIED AS MOOT**.


**I. BACKGROUND**

This case stems from a lawsuit in the Superior Court of
Columbia County, Georgia (the "Underlying Lawsuit"), which arises
from an accident that allegedly occurred on or about July 18, 2020.
(Doc. 52-2, at 2-4.) Defendants Daniel and Martine Shea,[1]

---

[1] While Daniel and Martine Shea are Defendants in the present suit, they are
not related to the issue before the Court on Plaintiff's motion for summary

plaintiffs in the Underlying Lawsuit, brought suit against Bentley Devore ("Defendant Bentley") and his father, Guy Devore, ("Defendant Guy") (collectively, "Defendants") for claims surrounding the death of their daughter, Morgan Jean-Marie Shea ("Morgan Shea"). (Id. at 2.) The facts of the Underlying Lawsuit[2] are as follows: on the evening of July 18, 2020, Morgan Shea was a social guest at Defendants' residence. (Id.) After Morgan Shea arrived at Defendants' property, Defendant Bentley invited Morgan Shea to ride in the passenger seat of a vehicle identified as a "2016 Can-Am utility vehicle" (the "Vehicle").[3]   (Id. at 3.) Defendant Bentley drove the vehicle onto Morris Callaway Road[4] at a high rate of speed, and Defendant Bentley lost control of the Vehicle, causing Morgan Shea to be ejected from the Vehicle.   (Id.

---

judgment, which is Plaintiff's duty to defend Bentley Devore and Guy Devore in the Underlying Lawsuit.

[2] The Court refers to the complaint in the underlying state court case as the "Underlying Complaint."

[3] Plaintiff's Statement of Undisputed Material Fact ("SUMF") states "Defendant Bentley [] invited Morgan Shea to ride in the passenger seat of a recreational vehicle, identified as a 2016 Can-Am utility vehicle . . . ." (Doc. 52-2, at 3 (citing Doc. 1-1, ¶ 11).) Defendants controvert this statement and argue the Underlying Complaint refers to the Vehicle as a 2016 Can-Am utility vehicle, not a recreational vehicle. (See Doc. 61, at 1.)   The Court notes that the Underlying Complaint states "[a]pproximately 10 to 15 minutes after Morgan Shea arrived at Defendant Guy Devore's residence, Defendant Bentley Devore invited Morgan Shea to ride in the passenger seat of the vehicle." (Doc. 1-1, ¶ 11.) The preceding paragraph of the Underlying Complaint states, on the day of the accident, Defendant Bentley had been operating a "2016 Can-Am utility vehicle." (Id. ¶ 10.)   The Underlying Complaint subsequently refers to the Vehicle as a "2016 Can-Am utility vehicle" or a "Can-Am," but nowhere in the Underlying Complaint is the Vehicle referred to as a "recreational vehicle" as asserted by Plaintiff. (See Doc. 1-1, at 5-7, 10-12.)

[4] In Plaintiff's SUMF, Plaintiff asserts "Morris Callaway Road is not on the Property or an 'insured premises.'" (Doc. 52-2, at 7.) Plaintiff cites "Guy Devore's Responses to Auto-Owners First Requests to Admit, on file with the Court, ¶¶ 3-4" in support. (Id.) However, the document does not appear to be on file with the Court; nevertheless, Defendants concede "the incident occurred on a public road and not on the insured premises" so this oversight does not change the Court's analysis. (See Doc. 60, at 4.)

at 3-4.)   Morgan Shea suffered serious injuries and ultimately died as a result of the accident (the "Incident").   (Id. at 4.) The Underlying Lawsuit alleges "Defendant Guy [] allowed Defendant Bentley [] and his friends to consume alcohol at the [p]roperty" and that Defendant Bentley, who had been consuming alcohol prior to operating the Vehicle, was legally intoxicated at the time of the Incident and that "Defendant Guy [] was aware and knowingly allowed Defendant Bentley[] to consume alcohol, as a minor, and operate the Vehicle."   (Id. at 4-5.)   The Underlying Lawsuit also "alleges that Defendant Guy [] is vicariously liable for the death of Morgan Shea in the Incident caused by Defendant Bentley[,] . . . Defendant [Guy] negligently entrusted the Vehicle to Defendant Bentley [] [, and] . . . Defendant Guy [] possessed authority and control over the Vehicle and was negligent by not supervising Defendant Bentley [] at the time of the Incident."   (Id. at 5.)

Plaintiff is not a party to the Underlying Lawsuit.   (Doc. 1-1, at 2.)   Plaintiff issued a homeowners insurance policy to Defendant Guy and Karen Devore, policy number 50-951-828-00 (the "Policy").   (Doc. 52-2, at 7.)   The Policy provides, in relevant part:

### Section II - Personal Liability Protection

1. COVERAGES

> a. Coverage E - Personal Liability
>
> (1) We will pay all sums any insured becomes legally obligated to pay as damages because of or arising out of bodily injury or property damage caused by an occurrence to which this coverage applies.

However, with respect to any . . . recreational vehicle:

> (a) we will pay damages of or arising out of the ownership, maintenance, use, loading or unloading of only:
>
>> 6) recreational vehicles owned by any insured while on an insured premises[.]

\*\*\*

2. EXCLUSIONS

> a. Coverage E - Personal Liability and Coverage F - Medical Payments to Others do not apply:
>
> \*\*\*
>
> (7) to bodily injury or property damage because of or arising out of the ownership, maintenance, use, loading or unloading of any . . . recreational vehicle . . . . This exclusion does not apply:
>
>> (a) to . . . recreational vehicles . . . described under 1. COVERAGES, a. Coverage E - Personal Liability, (1)(a)1-(1)(a)9) and (1)(b)1-(1)(b)3)[.]
>> \*\*\*
>
> (9) to bodily injury or property damage because of or arising out of:
>
>> (a) the entrustment to any person by any insured; nor
>>
>> (b) the supervision of any person by any insured;
>
> with regard to the ownership, maintenance, use, loading or unloading of [a] . . . recreational vehicle . . . .
>
> This exclusion does not apply:

> (a) to . . . recreational vehicles . . . that
> are covered by Coverage E - Personal
> Liability[.]

(Doc. 53, at 32-34.)  The Policy defines "recreational vehicle" as "a motorized land vehicle designed primarily for recreational purposes but not designed for travel on public roads."  (Id. at 19.)

Plaintiff initiated the present action on May 3, 2021, seeking a declaratory judgment that it has no obligation to indemnify or defend Defendants in the Underlying Lawsuit.[5]  (See Doc. 1.) Plaintiff now moves for summary judgment.  (Doc. 52.)  Defendants responded in opposition to the motion (Doc. 60) and Plaintiff replied in support (Doc. 64).  The motions are now ripe for the Court's review.

## II. LEGAL STANDARDS

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Facts are "material" if they could affect the outcome of the suit under the governing substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus.

---

[5] The Court notes the Underlying Lawsuit was dismissed without prejudice on July 1, 2021.  (See Doc. 32, at 2.)  Pursuant to the Court's December 8, 2021 Order, the only issue remaining is Plaintiff's duty to defend.  (Id. at 5.)

Co., 475 U.S. at 587, and must draw "all justifiable inferences in [the non-moving party's] favor." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal quotation marks and citation omitted). The Court should not weigh the evidence or determine credibility. Anderson, 477 U.S. at 255.

The moving party has the initial burden of showing the Court, by reference to materials on file, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Because the standard for summary judgment mirrors that of a directed verdict, the initial burden of proof required by either party depends on who carries the burden of proof at trial. Id. "When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it 'must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial.'" Four Parcels of Real Prop., 941 F.2d at 1438 (emphasis omitted) (quoting Celotex Corp., 477 U.S. at 331 (Brennan, J., dissenting)). "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'" Id. (quoting Chanel, Inc. v. Italian Activewear of Fla., Inc., 931 F.2d 1472, 1477 (11th Cir. 1991)).

6

In this action, the Clerk gave Defendants appropriate notice of the motion for summary judgment and informed them of the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. 56.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied. The time for filing materials in opposition has expired, and the motion is now ripe for consideration.

## III. DISCUSSION

The Court addresses the motions below.

### A. Plaintiff's Motion for Extension of Time

On October 24, 2022, Plaintiff filed a motion for extension of time to file a reply in support of its motion for summary judgment. (Doc. 63.) Plaintiff timely filed its reply brief (Doc. 64) on October 26, 2022; as such, Plaintiff's motion (Doc. 63) is **DENIED AS MOOT.**

### B. Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment because it argues under the Policy, it is not required to defend Defendants in the Underlying Lawsuit. (Doc. 52-1, at 15-22.) Plaintiff offers three arguments in support of its motion. First, Plaintiff argues it does not have a duty to defend Defendants because the Policy only covers "damages because of or arising out of the ownership, maintenance, use, loading or unloading of only . . . recreational

vehicles owned by any insured while on an insured premises."[6]  (Id.
at 15 (quoting Doc. 53, at 32).)  Plaintiff argues Defendants are
"insureds" under the Policy, the Vehicle is owned by Defendant
Bentley, Morgan Shea suffered serious bodily injury, conscious
pain and suffering, and death, the Vehicle is a "recreational
vehicle" under the Policy, and the Incident occurred off of the
insured premises, so the Incident is not covered.  (Id. at 16-17.)

Second, Plaintiff argues it does not have a duty to defend
Defendants because the Policy excludes from coverage " all 'bodily
injury because of or arising out of the ownership, maintenance,
use, loading or unloading of any recreational vehicle' not
otherwise covered."   (Id. at 18-19) (alterations adopted).
Plaintiff argues this exclusion applies because the "alleged
damages sustained by Morgan Shea directly arise out of Defendant
Bentley['s] use of the 2016 Can-Am 6WHA, a 'recreational vehicle'
which is not covered under the Policy."   (Id. at 19-20.)
Therefore, Plaintiff argues it has no duty to defend.

---

[6] Plaintiff frames this provision as one of coverage; however, the Policy covers
"sums any insured becomes legally obligated to pay as damages because of or
arising out of bodily injury or property damage caused by an occurrence to which
this coverage applies."  (Doc. 52-1, at 15-18; Doc. 53, at 32.)  The provision
relied on by Plaintiff that states "damages because of or arising out of the
ownership, maintenance, use, loading, or unloading of only . . . recreational
vehicles owned by any insured while on an insured premises" is an exception to
Policy exclusions rather than a coverage provision.  (See Doc. 53, at 33-35)
("[t]his exclusion does not apply: to . . . recreational vehicles . . . described
under 1. COVERAGES, a. Coverage-E Personal Liability, (1)(a)1)-(1)(a)9) and
(1)(b)1)-(1)(b)3)" and "[t]his exclusion does not apply: to . . . recreational
vehicles . . . that are covered by Coverage E - personal liability.")  Moreover,
because Defendants concede the Incident occurred off of the insured premises,
the exception cannot apply; as such, the resolution of this motion turns on
whether the two exclusions relied on by Plaintiff apply.  (See Doc. 60, at 4.)

Third, Plaintiff argues it does not have a duty to defend the vicarious liability claims against Defendant Guy because the Policy excludes from coverage:

> "bodily injury because of or arising out of the entrustment to any person by any insured with regard to the ownership, maintenance, use, loading or unloading of a recreational vehicle" not otherwise covered . . . [and] "bodily injury because of or arising out of the supervision of any person by any insured with regard to the ownership, maintenance, use, loading or unloading of a recreational vehicle."

(Id. at 20 (citing Doc. 53, at 34) (alterations adopted).).

Plaintiff argues that the Underlying Lawsuit alleges that Defendant Guy is vicariously liable for the death of Morgan Shea because Defendant Guy allegedly allowed Defendant Bentley and his friends to consume alcohol on the property, and Defendant Guy was allegedly aware and knowingly allowed Defendant Bentley to consume alcohol as a minor and operate the Vehicle.   (Id. at 20.) Specifically, Plaintiff argues the Underlying Lawsuit alleges negligent entrustment and negligent supervision, so this exclusion applies, and Plaintiff has no duty to defend Defendant Guy.   (Id. at 21-22.)

Of note, each Policy provision relied on by Plaintiff applies to "recreational vehicles."   (Id. at 15, 18-20.)   In support of Plaintiff's assertion that the Vehicle is a "recreational vehicle" as defined by the Policy, it points to the affidavit of Columbia County Sheriff's Office Deputy A.J. Warner (the "Affidavit"), the deputy who responded to the scene of the Incident.   (See id. at 2,

4, 16-17, 19; Doc. 54, at 1-4.)  Deputy Warner attested that he "was able to identify [the V]ehicle as a motorized land vehicle designed for work and recreational use but not designed for travel on public roads." (Doc. 54, at 3.)  As such, Plaintiff argues the Vehicle is a recreational vehicle as defined by the Policy and thus, these Policy provisions apply.

Defendants proffer two arguments in opposition to Plaintiff's motion, their main argument being that Plaintiff has not shown the Vehicle is a "recreational vehicle" as defined by the Policy. (Doc. 60, at 4-5.)  First, Defendants argue the Court may not consider the Affidavit because the Court's "analysis should be restricted to the allegations in the [U]nderlying Complaint," which refers to the Vehicle as a "utility vehicle" not a "recreational vehicle."  (Id. at 4-5.)  Second, Defendants argue:

> [e]ven if the [A]ffidavit testimony of Deputy Warner were appropriate to consider (which it is not), he states that the [V]ehicle is for work and recreation . . . [and] the [P]olicy requires that the vehicle be "designed primarily for recreational purposes" to be excluded [and] [n]owhere in this record is this definition met.

(Id. at 5.)

To resolve Plaintiff's summary judgment motion, the Court must first determine which documents it may consider in determining Plaintiff's duty to defend.  Plaintiff relies on the Affidavit in support of its motion, whereas Defendants argue the Court may only compare the terms of the Policy and the allegations in the

Underlying Complaint.[7]   (*See* *Id.*; Doc. 52-1, at 4.)   The Court agrees with Defendants that its review is limited to the Policy and the Underlying Complaint.

"When determining whether an insurer owes a duty to defend a particular lawsuit, Georgia law requires courts to compare the allegations in the complaint and the facts supporting it to the terms of the insurance contract."[8] Nat'l Trust Ins. Co. v. Taylor & Sons, Inc., No. 3:19-cv-67, 2021 WL 2346109, at *5 (S.D. Ga. June 8, 2021) (citing Elan Pharm. Rsch. Corp. v. Emps. Ins. of Wausau, 144 F.3d 1372, 1375 (11th Cir. 1998).) As such, the Court may not consider the Affidavit in determining Plaintiff's duty to defend; rather, the Court may only compare the allegations contained in the Underlying Complaint to the Policy's language to determine whether Plaintiff has a duty to defend.

Having resolved which documents the Court may consider, the Court now evaluates whether Plaintiff has shown it is entitled to summary judgment: the Court finds it has not.

---

[7] In Plaintiff's reply brief, it argues the Court should deem as unopposed its assertion of fact that the Vehicle is a "recreational vehicle" because Defendants failed to respond to paragraphs twenty through twenty-two of Plaintiff's SUMF. (See Doc. 64, at 3.) While Defendants did not respond to each paragraph of Plaintiff's SUMF, which Local Rule 56.1 contemplates, the Court declines to deem such fact admitted because the Underlying Complaint does not refer to the Vehicle as a "recreational vehicle" as Plaintiff states in its SUMF. See Joe Hand Promotions, Inc. v. Amos, No. 5:18-CV-63, 2019 WL 5618185, at *5 n.2 (S.D. Ga. June 25, 2019) (deeming as admitted any material facts in the moving party's SUMF that the non-movant did not directly respond to); and SDGa. L.R. 56.1.

[8] A limited exception to this "exclusive pleadings" rule exists when the insured would benefit from the extrinsic evidence. See Progressive Mountain Ins. Co. v. R.W. Womack & Sons, Inc., No. 1:11-cv-159, 2013 WL 12180601, at *5 (S.D. Ga. June 12, 2013). This exception does not apply here because Plaintiff seeks to introduce extrinsic evidence to deny coverage to Defendants, not to bring the occurrence within the Policy's coverage.

> Under Georgia law, an insurer seeking to invoke a policy
> exclusion carries the burden of proving its
> applicability in a given case . . . [and an] insurer can
> carry its burden of showing that a policy exclusion
> applies by relying exclusively upon the allegations
> against the insured in the underlying complaint.

Colony Ins. Co. v. Baggett, No. 3:22-cv-003, 2022 WL 3036676, at
*2 (S.D. Ga. Aug. 1, 2022) (quoting First Specialty Ins. Corp. v.
Flowers, 644 S.E.2d 453, 455 (Ga. Ct. App. 2007); and Travelers
Prop. Cas. Co. of Am. v. Kansas City Landsmen, LLC, 592 F. App'x
876, 882 (11th Cir. 2015)).  In its motion for summary judgment,
Plaintiff does not put forth any arguments that the exclusions
apply based on the allegations of the Underlying Complaint.[9]  As
such, Plaintiff has not met its burden, and Plaintiff's motion for
summary judgment is DENIED.[10]  Because Plaintiff has not met its
burden in showing the Vehicle is a "recreational vehicle" as
defined by the Policy, the Court does not address Plaintiff's
remaining arguments for summary judgment.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for extension
of time (Doc. 63) is DENIED AS MOOT, and Plaintiff's motion for

---

[9] As previously discussed, Plaintiff references the Underlying Complaint in its
SUMF and motion for summary judgment, but the Underlying Complaint simply does
not allege that the Vehicle is a "recreational vehicle" as Plaintiff argues.
[10] The Court notes that in Plaintiff's reply brief, it argues "Defendants do not
dispute or oppose [Plaintiff's] argument that it has no duty to defend Defendant
Guy [] because the Policy excludes vicarious liability arising from the
entrustment or supervision of the Vehicle allegedly operated by Defendant
Bentley [] in the Incident." (Doc. 64, at 5.)  While it does not appear that
Defendant responded to Plaintiff's vicarious liability argument, the Court
declines to grant Plaintiff summary judgment on this basis because Plaintiff
has not shown the Vehicle is a "recreational vehicle" under the Policy.

summary judgment (Doc. 52) is **DENIED.**   The case shall proceed to trial in due course.

     **ORDER ENTERED** at Augusta, Georgia, this /7⁴ day of August, 2023.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA