IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | CV 121-075 |
| BENTLEY DEVORE; GUY DEVORE; | * | |
| and DANIEL SHEA and MARTINE | * | |
| SHEA, as Parents and Next | * | |
| Friends of MORGAN JEAN-MARIE | * | |
| SHEA, and as Joint Co- | * | |
| Administrators of the ESTATE | * | |
| OF MORGAN JEAN-MARIE SHEA, | * | |
| | * | |
| Defendants. | * | |

O R D E R

Before the Court is Plaintiff and Defendants Bentley Devore and Guy Devore's (collectively, the "Moving Parties") stipulation of dismissal without prejudice. (Doc. 73.) The stipulation is signed only by the Moving Parties. (Id. at 2.) Rule 41(a)(1)(A)(ii) only allows a plaintiff to "dismiss an action without a court order by filing . . . a stipulation of dismissal *signed by all parties who have appeared*." FED. R. CIV. P. 41(a)(1)(A)(ii) (emphasis added). The Eleventh Circuit has found a stipulation of dismissal that "was not signed by all parties who have appeared in th[e] case" to be invalid. Hardnett v. Equifax Info. Servs., LLC, No. 21-13195, 2023 WL 2056285, at *1 (11th Cir. Feb. 17, 2023). Defendants Daniel Shea and Martine Shea appeared

when they filed their motion to dismiss.[1] (Doc. 27.) Therefore, without the signatures of all parties that have appeared in this case, the Moving Parties' stipulation of dismissal (Doc. 73) is invalid. If the Parties want to dismiss this action, they are instructed to re-file their stipulation in accordance with Rule 41.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of April, 2024.

> J. RANDAL HALL, CHIEF JUDGE
> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF GEORGIA

---

[1] In their stipulation, the Moving Parties represent they are "the only parties to appear in this action." (Doc. 73, at 1.) However, as stated above and clear from the record, Defendants Daniel Shea and Martine Shea also appeared. (See Doc. 27.)